UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Martha L. Jacobs, | ) C/A No. 4:08-3013-TLW-TER |
|                     Plaintiff, | ) Report and Recommendation |
| vs. | ) |
| United States Treasury IRS, and Postmaster General, | ) |
|                     Defendants. | ) |

Introduction

The plaintiff, Martha L. Jacobs, proceeding *pro se*, brings this civil action for damages alleging that the defendants have conspired to maliciously and wrongfully collect money from the plaintiff for taxes which the plaintiff claims should not be owed.[1]  Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names as defendants two United States agencies or departments.  The plaintiff alleges that she represents herself and all others similarly situated.  The complaint should be dismissed for lack of jurisdiction and failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v.*

*Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Factual Background

The plaintiff alleges that she was employed by the United States Postal Service ("USPS") and that in February 1993 she retired because of a disability due to a physical illness. She claims that she is "permanent total disabled" and receives workers' compensation benefits and payments. She further alleges that a judge ordered the USPS to pay her $130,000.00 for "non-pecuniary damages" which she did receive in 1999. Then, in 2001 she "received payment of one hundred seventy thousand dollars for Loss of Earnings Capacity" from the USPS. The plaintiff appears to allege that initially the Internal Revenue Service ("IRS") determined that she owed taxes on both payments that she had received, but that eventually after much effort on her part[2] the IRS "adjusted the taxes assessed" such that she did not owe taxes based upon the $130,000.00 payment she had received in 1999.

The plaintiff alleges that the IRS continues to seek taxes based upon the $170,000.00 she received in 2001, but the plaintiff disputes her tax liability. She claims that she owes no taxes because the $170,000.00 amount was payment for her "Loss of Earnings Capacity."[3] The plaintiff

---

[2] She alleges that she met with IRS representatives and an appeal officer to explain why she believes that all of her damages were related to a physical illness and thus she does not owe taxes.

[3] It is not clear but perhaps the plaintiff argues that the $170,000.00 amount was a personal injury settlement that should be tax exempt.

3

alleges that the IRS has garnished and continues to garnish monies from her workers' compensation checks, her tax refunds, and her OPM disability checks, and that the IRS has "put a lien against my property and refused to release it."  The plaintiff claims that "the IRS' relentless pursuit to assess and collect taxes has caused default, collection actions, and repossessions by my creditors."  The plaintiff seeks "12 billion dollars for damages for it destruction of my life & children (mother) which includes the restoration of my business, erecting & staffing of a "YOU" facility to counteract any such unwanted actions etc. and payment to all other in similarly situations, retroactive."

The plaintiff alleges that the Postal Service incorrectly completed the 1099 Tax Form documents relating to her two payments for $130,000.00 and $170,000.00.  The plaintiff alleges that the "USPS Mrs. Hayden accounting service has said: it followed the IRS' instructions," and that the USPS insisted that both payments were placed correctly on the 1099 MISC Tax Forms.

## Discussion

### I. Claims Against the IRS.

The burden of establishing federal jurisdiction is with the plaintiff.  Suit for money damages against the United States cannot be maintained unless it has waived its sovereign immunity.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). When the United States waives sovereign immunity and consents to suit, the terms of the waiver precisely define the extent of the waiver and the court's jurisdiction.  *United States v. Mottaz*, 476 U.S. 834, 841 (1986); *United States v. Testan*, 424 U.S. 392, 399 (1976).  Title 28 U.S.C. § 1346(a)(1) generally provides jurisdiction for suits against the United States for claims involving the

assessment of taxes. However, other statutes limit jurisdiction until certain prerequisites are met.[4] For example, 26 U.S.C. § 7422(b) provides, "such suit or proceeding may be maintained whether or not such tax, penalty, or sum has been paid under protest or duress."[5] Accordingly, one prerequisite to suit in district court is full payment of the disputed taxes. *Flora v. United States*, 362 U.S. 145, 177 (1960) (requiring full payment of the assessment before an income tax refund suit can be maintained); *Grant v. United States*, 289 F.Supp.2d 1361, 1368 (S.D. Fla. 2003). In this case, the plaintiff did not allege that she has paid the full amount of the disputed taxes prior to filing this lawsuit. In fact, because the plaintiff alleges that her checks are currently being garnished and she has refused to pay taxes on the $170,000.00 payment, the court concludes that these allegations are tantamount to claiming that she has *not* paid the full disputed amount. Therefore, this action should be dismissed without prejudice for lack of jurisdiction because the plaintiff has failed to establish that she completed one prerequisite to filing suit against the United States for damages relating to a disputed tax liability.

This case should also be dismissed because it appears that one purpose of the lawsuit may be to restrain the assessment or collection of a tax. In fact, the plaintiff alleges that "the IRS' relentless pursuit to assess and collect taxes" has ruined her life. The Anti-Injunction Act, 26 U.S.C. § 7421(a) provides that, unless certain statutory exceptions are applicable, "no suit for the purpose

---

[4] These prerequisites are *not* necessary to seek review in the United States Tax Court. *See* 26 U.S.C. § 6330(e)(1); 26 U.S.C. § 7421(a); 26 U.S.C. § 6015(e).

[5] Another prerequisite required by 26 U.S.C. § 7422(a) is that the plaintiff must have filed a proper claim for refund or credit with the Secretary. *Beckwith Realty v. United States*, 896 F.2d 860, 862 (4th Cir. 1990). For the sole purpose of this report and recommendation, the court assumes that the plaintiff alleged facts that would show that she filed an administrative claim related to the disputed tax assessment.

of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" The United States Court of Appeals for the Fourth Circuit has held that, if there is no express provision for an exception in the Anti-Injunction Act itself, a lower federal court may not create an exception. *See Clark v. Baker (In re Heritage Church and Missionary Fellowship)*, 851 F.2d 104, 105-106 (4th Cir. 1988) (the "PTL" bankruptcy case).

The Supreme Court of the United States has indicated that the purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference,' and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones University v. Simon*, 416 U.S. 725, 736 (1974).[6] *See also Rochefort v. Gibbs*, 696 F. Supp. 1151, 1152-53 (W.D. Mich. 1988). The Supreme Court has judicially created a limited exception to the Anti-Injunction Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). In order to establish a claim for injunctive relief under the holding in *Enochs v. Williams Packing & Navigation Co.*, the taxpayer must show: **(1)** under the most liberal view of the applicable laws and facts, it is clear that the government cannot prevail on the merits; **and (2)** absent an injunction, irreparable injuries will occur for which there is no adequate remedy at law. 370 U.S. at 6-7. Unless *both* of these prerequisites are met, "a suit for preventive injunctive relief must be dismissed." *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10 (1974).

As to the second *Enochs* prerequisite, the plaintiff has adequate remedies at law. All United States Court of Appeals have held that the right of a taxpayer to petition the Tax Court and his or her

---

[6]Portions of the Court's holding in *Bob Jones University v. Simon* were modified by *South Carolina v. Regan*, 465 U.S. 367, 372-82 (1984).

right, in the alternative, to sue for a refund (in a federal district court) are adequate remedies at law. *See*, *e.g.*, *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313-314 & n. 1 (9th Cir. 1982) (denying injunction, even though the Service failed to mail notice of deficiency to the taxpayer's last known address, because the taxpayer did not establish that it had no adequate remedy at law, or that irreparable injury would result from the denial of the injunction). The plaintiff can petition the Tax Court, or as mentioned above, the plaintiff can make full payment of the disputed amount and begin administrative, and, if necessary, judicial proceedings in a federal district court to recover a refund. Because the plaintiff has not alleged any facts that would show that any of the statutory or judicially created exceptions to the Anti-Injunction Act are applicable and to the extent the plaintiff's motive in bringing this lawsuit is to halt "the IRS' relentless pursuit to assess and collect taxes," then this action should be dismissed for failure to state a claim upon which relief may be granted.

Additionally, this action should be dismissed because the plaintiff filed a prior action in this court on February 28, 2006, *Jacobs v. IRS,* C/A No. 4:06-599-TLW-TER, which was based on almost identical facts and appears to be duplicative. In the plaintiff's first action, the defendant filed a motion to dismiss which the court granted for lack of jurisdiction,[7] and on July 27, 2007, the Fourth Circuit Court of Appeals affirmed the lower court's decision. The plaintiff appears to be complaining about the same matter again in this subsequent lawsuit, and the court cannot discern any new facts or circumstances that would now give this court jurisdiction. As the United States Court of Appeals for the Fifth Circuit commented, "[t]he District Court clearly had the right to take notice

---

[7] In the plaintiff's prior action, the court did not rule on the merits of the plaintiff's claims regarding the disputed tax liability.

of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

II. Claims Against the Postmaster General.

Even liberally construed, the court cannot glean from the complaint a cause of action stated against the defendant Postmaster General. If the plaintiff is claiming that an employee of the USPS was negligent in completing the plaintiff's 1099 Tax Forms, such a cause of action would lie under the Federal Tort Claims Act ("FTCA"). However, a suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. *See Myers and Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2nd Cir. 1975).[8] Moreover, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").[9] There is no indication that the plaintiff has filed an administrative claim with the United States Postal Service claiming that her 1099 Tax Forms were completed incorrectly. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d

---

[8]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979).

[9]When the United States has denied an administrative claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

121, 123 (4th Cir. 1986); *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Since the complaint does not show that the plaintiff has submitted an administrative claim to the appropriate federal agency, if the plaintiff alleges a claim pursuant to the FTCA it should be dismissed for failure to exhaust federal administrative remedies.

III. Plaintiff's Alleged Class Action.

To the extent that the plaintiff seeks to bring this lawsuit on behalf of others similarly situated, she lacks standing to do so. One pro se litigant cannot "represent" another pro se litigant. *See Myers v. Loudon Co. Pub. Sch.,* 418 F.3d 395, 401 (4th Cir. 2005). *See also Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an advocate for others in a class action); *Frank Krasner Enter., Ltd. v. Montgomery Co., Md.*, 401 F.3d 230, 234-236 & nn. 6-9 (4th Cir. 2005) (collecting cases on standing); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate).

In *Myers*, the Fourth Circuit Court of Appeals explained that, "[a]n individual unquestionably has the right to litigate his *own* claims in federal court." *Id.* This is a right of high standing which "'reflects a respect for the choice of an individual citizen to plead his or her own cause.'" *Myers*, 418 F.3d at 400 (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). However, the right to litigate for *oneself* does not create a similar right to litigate on behalf of others. *Id.* "The reasoning behind this rule is two-fold: it protects the rights of those before the court ..., and jealously guards the judiciary's authority to govern those who practice in its courtrooms...." *Id.* Accordingly in this case, this rule protects the rights of the "other persons

similarly situated" because it is too risky to permit the plaintiff layman to litigate their claims due to the risk of the layman's limited competence to litigate. *See Id.*

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 2, 2008  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).